ROAD from the JONESTOWN ROAD, to the UNION CANAL RESERVOIR.

A practice in the court of Quarter Sessions of appointing *twelve* freeholders as reviewers of a road, from which the parties in interest shall strike six, the remaining six being the reviewers, is contrary to the express provision of the law, and erroneous. But when the petitioners for the review pray for the appointment of *twelve*, and then refuse to strike, because some of the persons appointed are exceptionable, it is not error in the court of Quarter Sessions to refuse to appoint others in the place of those four, and confirm the view.

CERTIORARI to the Quarter Sessions of Lebanon county.

At August sessions, 1828, a petition was presented for a view of a road, which was granted. The viewers reported in favour of the road, to November sessions, 1828, to which exceptions were filed, which upon argument were overruled, and the report confirmed *nisi*, when those who were opposed to the road petitioned the court to appoint, (according to their practice,) *twelve* freeholders, from whom the parties might strike six, and the remaining six should review the said road. The court having appointed the *twelve* freeholders, the parties met in vacation, as was the custom, to strike three each, when the petitioners discovered that four of the twelve nominated by the court, were relations of the petitioners for the view, and for that reason refused to strike; but at the next sessions petitioned the court to appoint others in their room. This the court refused to do, and on motion confirmed the report of the viewers.

There were several errors assigned, none of which were insisted upon, but one. That the court erred in not appointing a competent number of freeholders to review the road.

*Weidman,* for the review.

*Norris,* for the view.

The opinion of the court was delivered by

HUSTON, J.—The complainants in this case have filed a number of exceptions to the petition for, and report of this road. There is no ground for any of them, except one; and that one not filed until more than a year after the return to this court. The first section of the act of the 6th April, 1802, for laying out roads, &c. directs, that the court, on petition, shall in open court, appoint six discreet and reputable freeholders, &c. to view, &c. In the twenty-second section, it is enacted that in all cases where the court of Quarter Sessions are authorised to grant a view, for laying out a road, &c. they are hereby authorised and directed, on application to them made for that purpose, to grant a review of the same, at the expense of the parties applying: provided, the application be made

32

(Road from the Jonestown Road, to the Union Canal Reservoir.)

at the next term of the Quarter Sessions after the report has been made on the first view. The evident meaning of the law, the usage under it, and the former act of which it is in this respect a transcript, is, that the review is to consist of *six* discreet and reputable inhabitants, and like the viewers, they have been, and ought to be appointed in *open court*. To be sure, when the names of the reviewers are announced, it sometimes happens, that one or more of them, is objected to in open court, as being connected, in some way, with the parties contending, or as being affected by the location of the road, and in such case the court substitute the names of other persons, free from objection; all this, however, is done in open court. It seems there is a practice in Lebanon county, that the court make a list of twelve reviewers, and this is left in the office of their clerk, and after the court, those in favour of, and those opposed to the road, each strike out three names, and the remaining six are the reviewers. No practice can be more calculated to produce unfair results than this. No one of the petitioners is authorised to strike for the rest. Any one of the petitioners for the view, or for the review, may then appear and select men to suit his individual purposes. It was no doubt adopted as a rule, to save trouble to the court, and under an idea that it was fair. It has not, however, the sanction of the law, and the unanimous opinion of this court is, that it is a bad and illegal practice. No one county, nor several counties, can adopt a usage contrary to the rest of the State, and to an express provision of the law. On the return of the report in this case, certain persons presented a petition to the court to appoint *twelve reviewers*. The court did so; after the court, the parties, or some of them, and their respective counsel, met to strike out three each. The petitioners for the review objected to the list, because a brother of one of the persons who petitioned for the road, was one of the twelve. To be sure he could be struck off, but that would not satisfy, they refused to strike altogether. There was of course no review, and the court confirmed the first report, and the other party took their *certiorari* to this court. Certainly if the court of Quarter Sessions had refused to grant a review, it would have been error, or if the petition had been to appoint six reviewers, and the court had appointed twelve, it would have been error. The party, however, and the court acted under their own rule. The object of that rule was to give six reviewers, to none of whom any exception could be taken. If the name objected to, had been struck by those objecting to him, the rest of the list would have been unobjectionable, which was all that in reason any party could ask. Every court must have the construction and application of its own rules; and it must be a strong case in which we will reverse, because a court put a wrong construction on its own rule. The Quarter Sessions thought the conduct of the complainants captious,

(Road from the Jonestown Road, to the Union Canal Reservoir.)

and intended for delay, and they thought the object of their rule was to give an opportunity of obtaining a review, composed of men, to none of whom there was any exception.    There was such opportunity given in this case, and if no review was had, it was owing to the fault of the petitioners; a majority of the court overrule the exceptions, and affirm the proceedings of the Quarter Sessions, because we are unwilling to sanction the conduct of parties, who by their own mistakes, or their own obstinacy, occasion irregularities, and then endeavour to take advantage of them, by applying to a superior court.

Proceedings affirmed.

Smith, J. and Ross, J. dissented.